# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| CHARLES HASSELMANN, | |
| Petitioner, | No. C24-3045-LTS |
| vs. | |
| DON HARRIS and BRENNA BIRD, | **MEMORANDUM OPINION AND ORDER** |
| Respondents. | |

## I. INTRODUCTION

This matter is before me on plaintiff Charles Hasselmann's pro se petition (Doc. 1) for a writ of habeas corpus and a pro se motion (Doc. 2) for leave to proceed in forma pauperis. He also filed two motions (Docs. 3, 5) to amend his habeas petition, a pro se motion (Doc. 4) for partial summary judgment, a pro se supplement (Doc. 7) to his motion for partial summary judgment, a pro se motion for records (Doc. 5 at 9-10) and a pro se supplement (Doc. 8) to his habeas petition.

## II. MOTION TO PROCEED IN FORMA PAUPERIS

Hasselmann did not pay the $5.00 filing fee but filed a motion (Doc. 2) to proceed in forma pauperis. *See* 28 U.S.C. 1914(a) ("on application for a writ of habeas corpus the filing fee shall be $5"). He was incarcerated at the Fort Dodge Correctional Facility when he filed his motion, but he is currently incarcerated at the North Central Correctional Facility in Rockwell City, Iowa. Doc. 6. For the court to authorize the commencement of an action without the prepayment of the filing fee, a person must submit an affidavit that includes a statement of all the assets the person possesses. *See* 28 U.S.C. § 1915(a)(1). Hasselmann's filing indicates he does have the ability to pay

the filing fee.  *See* Doc. 2 at 2.  His motion (Doc. 2) to proceed in forma pauperis is therefore **denied**.

### III.    MOTIONS TO AMEND

Hasselmann filed his initial petition (Doc. 1) for a writ of habeas corpus on October 31, 2024.  He then filed a pro se motion (Doc. 3) and pro se second motion (Doc. 5) to amend his petition, asserting that he fixed some typographical errors, emphasized the Iowa Department of Corrections (DOC) policy and verified the petition under penalty of perjury.  Doc. 5 at 1.  At the time Hasselmann filed his motions to amend, his initial petition had not been technically filed because his motion to proceed in forma pauperis was pending, nor had his petition been served on the respondents.  Thus, Hasselmann's motions (Docs. 3, 5) to amend are **granted**.  His second amended petition for a writ of habeas corpus (Doc. 5 at 3-8) will be considered his petition.

### IV.    ANALYSIS

Hasselmann asserts his due process rights were infringed during disciplinary actions imposed on him while he was residing at the Fort Des Moines Residential Facility throughout 2023.[1]  Doc. 5 at 5-6.  Specifically, he asserts that he was never served notice, provided the opportunity to present evidence or given a hearing to address the allegations.  Hasselmann asserts that he lost earned time credits and "[t]he sanctions were used to transfer his classification status to prison."  *Id.* at 6.  He seeks release "on his own recognizance or under parole, or reasonable conditions of supervision," costs and attorney's fees.  *Id.* at 8.

---

[1] Hasselmann asserts that he "had been serving a term of parole under Warren County Case FECR 028908 and FECR 028947, as well as Polk County matters," such as FECR 300922.  Doc. 8 at 1.

Hasselmann states that he asserted these due process claims in a petition for post-conviction relief (PCR) in state court, but the Iowa District Court for Webster County denied his petition.[2]  Doc. 1 at 2 (citing *Hasselmann v. State*, PCCV 323401 (Webster Cnty, Iowa)).  Hasselmann contends that the court erred in rejecting his due process arguments because there was some evidence to support the disciplinary decisions.  Doc. 7 at 4.  Public records demonstrate that his PCR petition was denied on October 13, 2024, and his petition for a writ of certiorari was denied on December 12, 2024.  Public records also indicate that Hasselmann filed a petition for a writ of habeas corpus in state court on January 31, 2025, which was denied on February 18, 2025.  *See Hasselmann v. Don Harris and Beth Skinner*, 02131 EQCV 502737 (Calhoun Cnty, Iowa).  It does not appear that he has appealed that denial.

Additionally, Hasselmann states that the Iowa District Court granted a different PCR petition and ruled that his sentences in Warren County cases shall run concurrently, rather than consecutively, with a Polk County case.  Doc. 8 at 1; *see Hasselmann v. State*, 05911 PCCV 037322 (Warren Cnty., Iowa).  An appeal is currently pending.  He asserts that "[a]s such, at the time Hasselmann would have incurred the violations of his parole sentence while in the Fort Des Moines Residential[] Facility, the foregoing sentence would have been expired."  Doc. 8 at 1.

Hasselmann asserts jurisdiction based on 28 U.S.C. § 2251 and the All Writs Act, 28 U.S.C. § 1651.  Doc. 5 at 4.  Section 2251 allows for the grant of a stay of state court proceedings:

> A justice or judge of the United States before whom a habeas corpus proceeding is pending, may, before final judgment or after final judgment of discharge, or pending appeal, stay any proceeding against the person

---

[2] Hasselmann states that he originally filed his petition in Polk County, but it was transferred to Webster County because petitions challenging prison disciplinary actions must "be heard in, and before any judge of the Court of the county in which the applicant is being confined."  Doc. 7 at 4 (quoting Iowa Code § 822.7).

3

>   detained in any State court or by or under the authority of any State for any matter involved in the habeas corpus proceeding.

28 U.S.C. § 2251(a)(1). Typically, such a stay involves a stay of execution. In non-capital cases, however, one relevant factor in evaluating a stay is whether there are "extraordinary circumstances attending the petitioner's situation which would require the grant in order to make the writ of habeas corpus effective, presumably if granted." *Whitecalf v. Young*, No. CIV. 14-5072-JLV, 2015 WL 224982, at *1 (D.S.D. Jan. 15, 2015) (denying a stay of a state court sentence because inmate failed to demonstrate a likelihood his petition would prevail and failed to demonstrate extraordinary circumstances, noting that "his case is not distinguishable from other habeas cases). Here, Hasselmann does not request the stay of any state court proceedings, and thus § 2251 does not apply.

The All Writs Act provides that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The "All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *United States v. Noske*, 235 F.3d 405, 406 (8th Cir. 2000) (citing *Carlisle v. United States*, 517 U.S. 416, 429 (1996)). Prisoners occasionally attempt to utilize the All Writs Act to circumvent procedural limitations on their ability to raise challenges to their sentence via the ordinary means of habeas corpus under 28 U.S.C. §§ 2241, 2254 and 2255.[3]

---

[3] Section 2254 is the primary statute that governs a state prisoner's ability to seek relief in federal court from a sentence or conviction. It provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254.

4

Examples of writs commonly sought under the Act are a writ of audita querela and a writ of coram norbis.  A "writ of audita querela is a common law writ 'available to a judgment debtor who seeks a rehearing of a matter on the grounds of newly discovered evidence or newly existing legal defenses." *United States v. Boal*, 534 F.3d 965, 967 n.2 (8th Cir. 2009).  The Eighth Circuit treats this writ as available to a criminal defendant to challenge his or her conviction or sentence only if no other cognizable remedy exists.  *See, e.g., United States v. Feist*, 346 Fed. App'x 127 (8th Cir. 2009).  A writ of coram norbis can be sought if an individual wishes to challenge a criminal conviction but is no longer in custody.  *See Chaidez v. United States*, 568 U.S. 342, 345 n.1 (2013); *United States v. Baranski*, 880 F.3d 951, 954 (8th Cir. 2018).

Courts treat all ancient writs that fall within the scope of the All Writs Act as limited in scope.  If a statute specifically addresses an issue at hand, the statute is authoritative, not the All Writs Act.  *See, e.g., id.*; *United States v. Miller*, 599 F.3d 484, 487-88 (5th Cir. 2010).  A statute such as § 2254 or § 2255 may be controlling even if it prevents the petitioner from obtaining the relief sought.  *Noske*, 235 F.3d at 406 (a § 2255 petition is the appropriate means for a federal prisoner to seek relief from her sentence even if she is not allowed to file a second or successive petition under the statute); *Storey v. Lumpkin*, 8 F.4th 382, 389 (5th Cir. 2021) ("But just as Storey cannot use Rule 60(b) to evade the strictures of § 2244 and § 2254, he cannot generally invoke the All Writs Act to accomplish the same end."); *Owens v. Boyd*, 235 F.3d 356, 360 (7th Cir. 2000) ("Persons still in custody must look to § 2254 or § 2255 for relief; they cannot use [the All Writs Act] to escape statutory restrictions on those remedies.").

Hasselmann did not specify a particular writ within the All Writs Act that he intends to rely upon.  Instead, he summarily asserts jurisdiction under the Act.  However, the All Writs Act is not available to Hasselmann because § 2254 provides him with a direct mechanism to raise a challenge to his sentence.  Because a specific statute governs relief for state prisoners, and Hasselmann is still in custody, he does not qualify for auxiliary relief under the All Writs Act.  His petition must therefore be denied.  *Storey*,

5

8 F.4th at 390 (5th Cir. 2021) ("The district court thus did not err in concluding that Storey's motion invoking the All Writs Act should be dismissed for lack of jurisdiction because § 2254 is the proper avenue for Storey to seek relief.").

## V. REMAINING MOTIONS

Hasselmann filed a pro se motion (Doc. 4) for partial summary judgment, a pro se supplement (Doc. 7) to his motion for partial summary judgment and a pro se motion (Doc. 5 at 9-10) for records. Those motions are **denied** as moot.

## VI. CERTIFICATE OF APPEALABILITY

To the extent a certificate of appealability is required to appeal this order, that certificate will be denied. *See* 28 U.S.C. § 2253(c); Rule 11, Rules Governing Section 2254 Cases, FED. R. APP. P. 22(b); *Tiedman v. Benson*, 122 F.3d 518, 520-22 (8th Cir. 1997); *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) (per curium) ("the certificate requirement under 28 U.S.C. § 2253(c)(1) may not be circumvented through creative pleading. A certificate of appealability is required to appeal the denial of any motion that effectively or ultimately seeks habeas corpus or § 2255 relief.")

## VII. CONCLUSION

For the reasons set forth herein:

1. Hasselmann's motion (Doc. 2) to proceed in forma pauperis is **denied**.
2. Hasselmann's motions (Docs. 3, 5) to amend his petition are **granted**.
3. Hasselmann's petition (Doc. 1), as amended (Doc. 5 at 3-8) is **dismissed** without prejudice to refiling his claim via a proper procedural mechanism.[4]

---

[4] Hasselmann did not file this case pursuant to § 2254 and I have not considered it as a § 2254 petition. *See Smith v. Hobbs*, 490 F. App'x 833, 834 (8th Cir. 2012) (per curiam) (applying

4. Hasselmann's pro se motion (Doc. 4) for partial summary judgment and pro se motion (Doc. 5 at 9-10) for records are **denied** as moot.
5. A certificate of appealability is **denied**.

**IT IS SO ORDERED** this 10th day of April, 2025.

_____
Leonard T. Strand
United States District Judge

---

*Castro v. United States*, 540 U.S. 375, 383 (2003) to § 2254 petitions and stating that before construing an unlabeled, contrarily or confusingly labeled filing as a § 2254 petition, a court must give the petitioner an opportunity to object).

7